1  WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9  Michael Edward Aguilar,                    No. CV-15-0286-TUC-LCK

10                        Petitioner,          **ORDER**

11  v.

12  Charles L. Ryan, et al.,

13                        Respondents.

14

15         Petitioner Michael Aguilar has filed a Petition for Writ of Habeas Corpus pursuant

16  to 28 U.S.C. § 2254. Before the Court are the Petition (Doc. 1), Respondents' Answer

17  (Doc. 12), and Aguilar's Reply (Doc. 13). The parties have consented to Magistrate

18  Judge jurisdiction.[1] (Doc. 16.) The Court will dismiss the Petition as premature.

19                    **FACTUAL AND PROCEDURAL BACKGROUND**

20         Aguilar was convicted in the Pima County Superior Court on two counts of

21  attempted armed robbery, and sentenced to 11.25 years imprisonment. (Doc. 12, Exs. A,

22  B.) Aguilar filed a pro se Motion to Vacate Judgment, which the trial court denied. (*Id.*,

23  Exs. E, L.) He appealed that denial to the Arizona Court of Appeals and, over his

24  objection, the appeal was consolidated with his already-filed notice of appeal. (*Id.*, Exs.

25  N, O, P.) The only brief presented to the court of appeals was that filed by appointed

26  counsel. (*Id.*, Doc. Q.) The Arizona Court of Appeals affirmed his convictions and

27  sentences. (*Id.*, Doc. T at 7.) The Arizona Supreme Court denied review. (*Id.*, Exs. U, V.)

28

---

[1] This case was reassigned to the current judge on May 10, 2016. (Doc. 20.)

Aguilar filed a Notice of Post-conviction Relief (PCR) on June 26, 2015. (*Id.*, Ex. W.)  Counsel was appointed that day and, after two withdrawals of counsel, current PCR counsel was appointed on June 27, 2015; since appointment, counsel has sought numerous extensions. (*See State v. Aguilar*, No. CR-20121308 (Super. Ct. Pima Cnty.).)[2] On October 31, 2016, the PCR court granted a final two-month extension to file the PCR petition based on counsel's motion stating that she is researching a "vital" piece of evidence she has been unable to locate. (*Id.*, Mtn to Extend Time and Order (Oct. 24 & Oct. 31, 2016).)

Aguilar filed his federal habeas Petition in this Court on July 6, 2016. (Doc.1.)

### DISCUSSION

Aguilar raises seven claims in the Petition. Respondents contend all of the claims are procedurally defaulted.

Before the federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion in this case requires fair presentation of the claims to the Arizona Court of Appeals. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Castillo v. McFadden*, 399 F.3d 993, 998 & n.3 (9th Cir. 2004).

The Court carefully reviewed the Petition and concluded that none of the seven claims therein were exhausted on direct appeal. (*Compare* Doc. 1 *with* Doc. 12, Ex. Q.) Aguilar contends he raised Claims 1 through 5 by way of his Motion to Vacate Judgment; however, as he acknowledges, they were not included in the Opening Brief filed before the Arizona Court of Appeals on the consolidated appeal. (*See* Doc. 12, Ex. Q.) Aguilar argues that a portion of Claim Four, alleging prosecutorial misconduct for failure to disclose the full criminal history of victim Brady, was raised on appeal. (Doc. 1 at 19.) The Court disagrees. On appeal, Aguilar argued the trial court erred in not precluding

---

[2] These documents have not been filed in this case; however, the Court reviewed them on the superior court website, http://www.agave.cosc.pima.gov/AgavePartners/.

Brady from testifying due to the prosecution's failure accurately to disclose his criminal history; he did not allege prosecutorial misconduct. (Doc. 12, Ex. Q at 13-15.) Aguilar also contends that Claim Six, alleging sufficiency of the evidence, was raised on direct appeal. Again, the Court disagrees. Before this Court, Aguilar alleges there was not sufficient evidence to convict him on either charge of attempted armed robbery. (Doc. 1 at 22.) He then sets forth seven factual statements alleging that the BB gun was planted (and had no fingerprint or DNA connection to him); the testifying victim was on heroin and committed perjury; the victim on the 9-1-1 call initially stated she "thinks" he has a gun but then then later answered, yes, he pulled a gun on me; and exculpatory text messages were not admitted. (*Id.*) In contrast, on appeal, Aguilar alleged that admission of the 9-1-1 call violated his Sixth Amendment right to confrontation (and, absent admission of the call, the trial court should have granted a directed verdict as to one of the victims, Count 2). (Doc. 12, Ex. Q at 18-20.) Aguilar concedes he has never presented Claim 7 to the Arizona Court of Appeals. Thus, the Court concludes none of the claims in the Petition were fairly presented to the Arizona Court of Appeals.

Review of the state court docket reveals that Aguilar has a PCR proceeding pending in state court. A petitioner has not exhausted state court remedies if he has a state PCR petition pending at the time he files a petition for writ of habeas corpus in federal court. *See    Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending    appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding); *Qualls v. Ryan*, No. CV 13-1288-PHX-JAT (DKD), 2013 WL 3833218, at *1-2 (D. Ariz. Jul. 24, 2013) (denying habeas corpus petition as premature where petitioner presently had a Rule 32 petition pending). The pending PCR proceeding could affect Aguilar's convictions and ultimately these proceedings; therefore, it is inappropriate for this Court to rule on Aguilar's claims at this time. *See Sherwood*, 716 F.2d at 634.

1    The Court's review of the state court proceedings indicates that the one-year
2    statute of limitations applicable to a future petition has not begun to run. The Arizona
3    Supreme Court denied review of Aguilar's direct appeal on June 11, 2015. (Doc. 12, Ex.
4    V.) For purposes of the applicable statute of limitations set forth in 28 U.S.C.
5    § 2244(d)(1)(A), Aguilar's conviction became final on September 9, 2015, when the
6    ninety days to petition for a writ of certiorari from the United States Supreme Court
7    expired, Sup. Ct. R. 13. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding
8    that "direct review" includes the period during which a petitioner can petition for writ of
9    certiorari, regardless of whether the petitioner seeks such review); *see also Jimenez v.*
10   *Quarterman*, 555 U.S. 113, 119 (2009) (finding direct review to include the time up to
11   the expiration of the period to seek review by the Supreme Court). At the time Aguilar's
12   direct review became final, he had already begun his first PCR proceeding by filing a
13   notice on June 24, 2015 (Doc. 12, Ex. W), which immediately tolled the statute of
14   limitations. *Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004)
15   (finding that tolling period begins with filing of notice pursuant to Arizona Rule of
16   Criminal Procedure 32.4(a)); 28 U.S.C. §  2244(d)(2) (the federal habeas statute of
17   limitations is tolled during the time a properly filed state PCR petition is pending).
18   Therefore, Aguilar will suffer no prejudice as a result of a dismissal without
19   prejudice.[3] *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that a petition filed
20   after a prior petition has been dismissed for failure to exhaust before the district court
21   adjudicated any claims is not a second or successive petition).

---

[3] The Court considered whether a stay of the current petition would be a viable remedy at this time, in accordance with *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) and *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016). The Supreme Court recognizes that petitioners who are "reasonably confused" about timeliness rules may file "protective" petitions in federal court and ask the court to stay and abey the federal habeas corpus proceedings under *Rhines* until the state remedies are exhausted. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). By protectively filing a habeas corpus petition, a petitioner may comply with the one-year statute of limitations applicable to federal habeas corpus petitions. *See* 28 U.S.C. 2244(d)(1). Here, the one-year limitations period is tolled by the pending PCR proceeding; therefore, there is no need to hold this proceeding in abeyance to prevent a statute of limitations problem. *See id*. Thus, dismissing the Petition under the circumstances of this case will not prejudice Aguilar.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Because Aguilar has not properly exhausted any claims and a PCR proceeding is pending in state court, dismissal of the Petition as premature is proper.

**MOTION FOR CLARIFICATION**

On November 4, 2016, Aguilar filed a motion seeking clarification of the status of the case. (Doc. 23.) Aguilar also discussed the evidence in his case and urged his actual innocence. Finally, he asked that the Court proceed promptly to address his petition. Nothing in Aguilar's filing alters this Court's determination that the Petition is premature. However, the Court will grant the motion because this order clarifies the status of his case.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists would not find this Court's procedural ruling debatable. Therefore, a COA will not issue.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Clarification (Doc. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE as premature**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 17th day of November, 2016.

Honorable Lynnette C. Kimmins
United States Magistrate Judge